## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **DAVID JOE SHELTON**, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:07CV00209 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

*David Joe Shelton, Pro Se Petitioner.*

The petitioner, a federal inmate proceeding pro se, has filed a pleading that he styles as a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(4). He claims that Rule 60(b) and the All Writs Act, 28 U.S.C.A. § 1651(a) (West 2006), entitled him to relief. Upon review of the pleading and the court records, I find that the motion must be dismissed.

Shelton was convicted of drug trafficking offenses and sentenced to a lengthy term of incarceration. He appealed, and the United States Court of Appeals for the Fourth Circuit affirmed the judgment. *United States v. Shelton*, 200 F. App'x 219 (4th Cir. 2006) (unpublished), *cert. denied*, 127 S. Ct. 1296 (2007). Shelton now argues that the criminal judgment is void and that accordingly the court must declare that his current confinement is illegal. He has not pursued a collateral attack on the

judgment pursuant to 28 U.S.C.A. § 2255 (West 2006), and he expressly states that he does not intend his current motion to be construed or addressed as a § 2255 motion or as any other type of habeas corpus action.

The petitioner asserts that pursuant to Rule 60(b), he may now challenge the jurisdiction of this court to try, convict, and sentence him for violating federal criminal statutes.[1]  I find no merit to this argument.  The Federal Rules of Civil Procedure govern the procedure in the United States district courts in suits of a civil nature.  *See* Fed. R. Civ. P. 1, 81; *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir.1999) ("Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case.").  Therefore, I will dismiss his motion to the extent that he relies on Rule 60(b) for this purpose.

The petitioner also references the All Writs Act, 28 U.S.C.A. § 1651 (West 2006), as legal authority upon which this court may now void the criminal judgment against him.

---

[1]  Shelton appears to argue that this court had no jurisdiction to try him because the legislation codified as Title 18, Section 3231 of the United States Code was not properly enacted by Congress in 1948.  Section 3231 grants the district courts of the United States original jurisdiction over all offenses against the laws of the United States.  Shelton asserts that because Congress did not follow all legislative procedures necessary for official enactment of § 3231, this statute cannot grant a district court jurisdiction to try individuals for violations of federal criminal law.  Because I find that the petitioner cannot proceed under Rule 60(b) to attack the validity of the criminal judgment, I need not address the substance of his argument.

-2-

The All Writs Act is "a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996). The fact that a petitioner has foregone his opportunity to proceed under the intended statutory authority does not render the All Writs Act controlling authority for his claims of an illegal sentence. *See Carlisle*, 517 U.S. at 429. Section 2255 provides that a person in custody under a federal sentence may move the court to vacate, set aside or correct his criminal sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.A. § 2255. Clearly, § 2255 is the statutory vehicle designed for federal inmates pursuing a collateral attack on their convictions on jurisdictional grounds.[2] Accordingly, I find that Shelton cannot proceed under § 1651.

Because Shelton is not entitled to relief under Rule 60(b) or § 1651, and refuses to characterize his pleading as a § 2255 motion, I find that the case must be

---

[2] Furthermore, to the extent that Shelton failed to raise his jurisdictional arguments in his direct appeal, he may be barred by the doctrine of procedural default from raising such claims in a § 2255 motion. *See Bousley v. United States*, 523 U.S. 614, 621 (1998).

dismissed.  A separate Final Order will be entered herewith.

DATED: April 30, 2007

/s/ JAMES P. JONES
Chief United States District Judge